IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIE LEE FIERS,

        Petitioner,

v.

STATE OF OREGON; and
BRIGITTE AMSBERRY,

        Respondents.

Civil No. 2:14-cv-00361-AC

FINDINGS AND RECOMMENDATION

WILLIE LEE FIERS
SID #10642960
Eastern Oregon Correctional
Institution
2500 Westgate
Pendleton, OR 97801-9699

        Petitioner *Pro Se*

ELLEN F. ROSENBLUM
Attorney General
SAMUEL A. KUBERNICK
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4794

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 *pro se*. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) should be DENIED.

## BACKGROUND

On May 1, 2012, Petitioner was convicted in Multnomah County Circuit Court on a plea of *nolo contendere* to one count of Sexual Abuse in the First Degree. Resp. Exh. 101. In exchange for Petitioner's plea, the state agreed to dismiss three additional charges of Sexual Abuse in the First Degree. Resp. Exh. 101. The trial judge sentenced Petitioner to 75 months of imprisonment. Resp. Exh. 101.

On September 5, 2012, Petitioner filed a Notice of Appeal from the trial court's judgment, as well as a "Motion for Late Appeal." Resp. Ex. 102. On September 12, 2012, the Oregon Court of Appeals denied Petitioner's motion because it was not filed within 90 days of the date of entry of the trial court's judgment as required by Or. Rev. Stat. § 138.071(4)(c). Resp. Exh. 2. Petitioner did not seek review from the Oregon Supreme Court.

On October 25, 2012, Petitioner file a petition for state post-conviction relief ("PCR"). Resp. Exh. 103. After counsel was appointed to represent Petitioner, Petitioner moved to voluntarily dismiss the PCR proceeding. Resp. Exh. 104. The PCR trial judge granted Petitioner's motion to dismiss on April 9, 2013, and on April 10, 2013, entered a Judgment of Dismissal. Resp. Exh. 104.

2 - FINDINGS AND RECOMMENDATION -

On January 23, 2014, Petitioner filed a Notice of Appeal from the PCR trial court's April 10, 2013, judgment. Resp. Exh. 105. On February 6, 2014, the Oregon Court of Appeals dismissed the appeal as untimely under Or. Rev. Stat. § 138.650. The Appellate Judgment became effective on March 27, 2014. Resp. Exh. 106.

On February 27, 2014, Petitioner mailed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 to this Court, and on March 3, 2014, the Petition was filed. Respondent contends the Petition is untimely. Although he was granted additional time within which to do so, Petitioner did not file a Brief in Support of his Petition after Respondent filed an Answer and Response.

## DISCUSSION

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") provides for a one-year statute of limitations to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Under the statute, the one-year period begins to run from the date the criminal judgment of conviction becomes final at the conclusion of direct review "or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In *Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999), the Ninth Circuit held that criminal convictions are not final for the purposes of § 2244 until the time has elapsed for seeking a writ of *certiorari* in the United State Supreme Court. Where a petitioner did not properly seek direct review to the state's appellate courts, however, the petitioner is not entitled to the additional 90 days. *See Swantz v. Mills*, Case No. 2:09-cv-01161-SU, 2010 WL 2608337, at *1 (D. Or., May 20,

2010) (citing 28 U.S.C. § 1257(a)), *report and recommendation adopted by*, 2010 WL 2608337 (D. Or., June 22, 2010).

The limitations period is subject to statutory tolling during the pendency of a properly filed state post-conviction proceeding or other collateral review. 28 U.S.C. § 2244(d)(2). A state petition that is not filed within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). Likewise, when an appeal from the denial of state post-conviction relief is not timely, the limitation period is not statutorily tolled. *See Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Stewart v. Cate*, 757 F.3d 929, 932 (9th Cir. 2014) (a collateral review petition is not "pending" and does not toll the limitations period during the time between the denial of the petition in a lower state court and the filing of an appeal in the next higher state court where the appeal is not properly filed), *cert. denied*, 2014 WL 4957033 (Oct. 6, 2014).

"When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414. Moreover, time elapsed after the direct appeal is final and before state PCR filing, as well as time after final collateral disposition and before federal filing counts against the year. 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999).

Here, Petitioner's criminal conviction became final on May 31, 2012, 30 days after the entry of the judgment on May 1, 2012. *See* Or. Rev. Stat. § 138.071(1). Because Petitioner did not timely file his direct appeal, for AEDPA purposes the limitations period began running on that date. Petitioner did timely file a state PCR petition on October 25, 2012, which began to toll the

limitations period. Between the date his conviction became final and Petitioner initiated his state PCR proceeding, 147 days accrued.

The PCR trial court entered a Judgment of Dismissal into the trial court register on April 10, 2013. Petitioner had 30 days therefrom, until May 10, 2013, within which to file a notice of appeal. Or. Rev. Stat. § 138.650. As noted, however, Petitioner did not file his notice of appeal until January 23, 2014, and on February 6, 2014, the Oregon Court of Appeals expressly found the notice untimely and dismissed the appeal. Accordingly, the AEDPA limitations period recommenced on May 10, 2013, and continued to run until February 27, 2014, the date Petitioner signed the § 2254 habeas petition filed with this Court. During that time, an additional 293 days accrued against the limitations period.

In total, 440 days accrued against the AEDPA limitations period before Petitioner initiated his habeas action in this Court. As such, the action was not timely filed under § 2244. Because Petitioner does not present evidence of equitable tolling or actual innocence to excuse his untimeliness, the Petition for Writ of Habeas Corpus should be DENIED.

## RECOMMENDATION

For these reasons, the Petition for Writ of Habeas Corpus should be DENIED and a judgment of DISMISSAL should be entered.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be DENIED. *See* 28 U.S.C. § 2253(c)(2).

5 - FINDINGS AND RECOMMENDATION -

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due October 30, 2014. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after the objections are filed. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 16th day of October, 2014.

John V. Acosta
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION -